## Harrison, et al. v. Big Four Bus Lines.

(Decided December 10, 1926.)

### Appeal from Harlan Circuit Court.

1. Constitutional Law—Automobile Transportation Company Held Rendering Public Service, Within Constitutional Provision Forbidding Grant of Emoluments or Privileges, Except in Considera-

tion of "Public Service", (Acts 1926, c. 112; Constitution, Section 3).—Automobile transportation company, having complied with provisions of Acts 1926, c. 112, and being subject to duties imposed therein, are rendering a "public service," within Constitution, section 3, forbidding granting of emoluments or privileges except in consideration of public service.

2.    Automobiles—State May Prohibit Use of Highways for Private Business, or Grant Right to One and Refuse it to Another.—The state, under its police power, has right to prohibit use of highways for private business, or to grant right to one and refuse it to another.

3.    Automobiles—Legislature Can Subject Motor Vehicles with Carrying Capacity of Five Passengers or Less to Same Regulations as Other Vehicles (Acts 1926, c. 112).—Including motor vehicles with carrying capacity of five passengers or less within regulations of Acts 1926, c. 112, relative to transporting passengers for hire, held within legislative power.

4.    Automobiles—Law Regulating Motor Vehicles for Hire as to Casual Trips Held Valid (Acts 1926, c. 112, Section 21a).—Acts 1926, c. 112, section 21a, regulating operation of motor vehicles for hire as to casual trips, held valid exercise of legislative power.

G. J. JARVIS for appellant.

R. W. KEENON and LYTTLE & MORGAN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellants, owners and operators of taxicabs, brought this action under the Declaratory Judgment Act to test the validity of section 21a, chapter 112 of the Acts of 1926. Each of the appellees has been granted a permit by the commissioner of motor transportation to operate motor buses over a highway between certain fixed termini in Harlan county. The appellants have not applied for a permit to operate between these fixed termini, but insist that section 21a, chapter 112 of the Acts of 1926 is invalid on account of being in violation of section 3 of the Constitution, and being class legislation and tending to create a monopoly.

Section 21a, chapter 112 of the Acts of 1926 is as follows:

"'Casual trips' as used in this act and section means that any person, firm or corporation not operating under a certificate between a fixed termini or over a regular route may operate over any route between a fixed termini where other person or persons

hold a certificate or certificates, provided that on said casual trips no one shall be allowed to pick up any passenger along the route, nor be permitted on the return trip to haul any person or persons other than those included in the original trip.''

Section 3 of the Constitution reads in part:

''All men when they form a social compact are equal; and no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men except in consideration of public services.''

The appellees have complied with the provisions of chapter 112 of the Acts of 1926 and are subject to all the duties imposed therein on automobile transportation companies and they are rendering a public service within the meaning of section 3 of the Constitution. In discussing what constituted public service within the meaning of this section this court in Louisville Railway Company v. Louisville Fire and Life Protective Association, 151 Ky. 644, 152 S. W. 799, said:

''The public service that may entitle certain individuals, including private corporations, to privileges and immunities not enjoyed by the public generally, is a public service that carries with it some measure of public control and supervision, and the right of public control and authority must precede or accompany the grant of the privilege, and be so much a part of it that the privilege cannot be exercised without incurring the responsibility and liability that attaches to the performance of public duties. In short the beneficiary of every grant of special privileges must be in some degree the servant of the public and subject to the control and authority of some public agency.

''This is the test to which the right of the enjoyment of special privileges by individuals and private corporations must be subjected, and by this standard their right to privileges and immunities not allowed to the general public must be adjudged.''

Appellants fail to distinguish between the right of a citizen to use the public highways in the ordinary course of his business and the right to use them as a place

wherein to conduct a private business such as operating motor vehicles for hire. The state, under its police power, has the right to prohibit the use of the highways as places of private business, such as appellants seek to carry on, or to grant the right to one and refuse it to another.

Chapter 112 of the Acts of 1926 re-enacted all of the essential features of chapter 81 of the Acts of 1924, the principal change made being the creation of the office of commissioner of motor transportation and the transfer to such commissioner of the power and authority vested in the State Highway Commission by the latter act.

Section 10 of the 1924 Act was re-enacted as section 21 of the 1926 Act. Section 21a, *supra,* was not a part of chapter 81 of the Acts of 1924. The validity of that act was thoroughly considered in Reo Bus Lines Co. v. Southern Bus Line Co., 209 Ky. 40, 272 S. W. 18. In the course of the opinion in that case we said:

"Aside from the principle above stated of public ownership of highways and the resultant right of governmental control, transportation companies included in the act are common carriers, subject in themselves to governmental control, and taken in connection with the rapid development of motor transportation and the number of private vehicles using the same highways, governmental supervision is essential for the protection both of the passengers of the transportation companies and of the general public using the highways. The patrons are entitled to regular schedules, fixed transportation charges and safe equipages. That this may be had the companies are entitled to a reasonable profit on their outlay and to be protected from unfair competition involving them in bankruptcy and leaving the public without transportation facilities.

"Both the patrons of such companies and the traveling public generally are entitled to have the vehicles of the former to conform to some sort of standard and to be driven by competent chauffeurs, and in requiring this no constitutional provision is violated.

"We find no merit in the contention that the act tends to create a monopoly."

And, in referring to the provisions of section 19 of the act exempting motor vehicles having a carrying capacity of five passengers or less from the provisions of the act, except that providing for payment of fees, we said:

"It was the evident purpose of the legislature to collect from such companies fees as revenue on cars having a seating capacity of five persons or less, but the language quoted directly and positively excludes the smaller cars from all the provisions of the act except as to the payment of fees.

"This language is clear and unambiguous and must be construed to mean what it says. It is true that the smaller cars may compete with other cars of the regular transportation compnies, but the wisdom of permitting such unregulated competition is a matter addressed to the legislature. The court can only construe the act as written."

In the 1926 act motor vehicles having a carrying capacity of five passengers or less were made subject to the same regulations as cars having a larger capacity, and the inclusion of such vehicles in a classification that rendered them subject to the regulations complained of was a matter within the legislative power. The power of the legislature to enact such regulatory laws is clearly pointed out in Reo Bus Lines Co. v. Southern Bus Line Co., *supra*, and the cases therein cited and approved. Later cases from other jurisdictions to the same effect are State v. Johnson, 75 Mont. 240, 243 Pac. 1073; Smallwood v. Jeter, — Idaho —, 244 Pac. 149; Greely Transportation Co. v. People, — Col. —, 245 Pac. 720; Gilmer v. Public Utilities Commission, — Utah —, 247 Pac. 284; In re James, — Vermont —, 132 Atl. 40.

The enactment of section 21a, chapter 112 of the Acts of 1916, was a valid exercise of the legislative power, and the lower court having so adjudged, the judgment is affirmed.