## Crigger & Stepp v. Allen.

(Decided March 25, 1927.)

### Appeal from Pike Circuit Court.

1. Constitutional Law.—Motor Vehicle Law 1926 (Ky. Stats., Supp. 1926, sections 2739j-1 to 2739j-29) is not exercise of absolute power or grant of exclusive privilege, contrary to Constitution, sections 2, 3.

2. Commerce.—Motor Vehicle Law 1926 (Ky. Stats., Supp. 1926, sections 2739j-1 to 2739j-29) does not violate commerce clause of federal Constitution, art. 1, section 8.

3. Carriers.—Taxi owner operating between states, not having applied for certificate as bus operator, under Ky. Stats., Supp. 1926, section 2739j-3, should have been enjoined from engaging in every form of transportation along bus route of partnership complying with sections 2739j-1 to 2739j-29, except that permissible under section 2739j-21a.

STATON & KEESEE for appellants.

W: G. W. RIDDLE and D. B. DAUGHERTY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing in part and affirming in part.

Crigger & Stepp, a partnership, which we shall hereafter refer to as the bus operator, began this action on June 9, 1926, against J. W. Allen, whom we shall refer to as the taxi man. The bus operator had fully complied with Ky. Stat. Supp. 1926, sections 2739j-1 to 2739j-29, inclusive, and held a certificate entitling the said bus operator to operate motor vehicles, busses, etc., between Williamson, W. Va., and McVeigh, Ky., was prepared to so serve the public, and was so doing, along a route designated as No. 86. The taxi man had not so complied and did not hold such a certificate, yet he was operating over this same route in competition with the bus operator.

Alleging these facts, the bus operator asked an injunction against the taxi man to prevent the continuation thereof. In his answer, the taxi man did not claim to have such certificate, as contemplated by section 2739j-3, or to have tried to get one, but made this allegation:

"That he, a citizen and resident of the state of West Virginia, has complied with all the laws and requirements of a taxi operator in the state of West Virginia and in the commonwealth of Kentucky, and is abundantly possessed with means and equipment to take safe and adequate care of all that portion of the general public who choose to patronize him, and is ready to comply with all the reasonable requirements of all valid laws of both states and of the United States."

The proof sustained the allegations of the petition. The court, in its judgment, dismissed the petition of the bus operator in so far as it sought to prevent the taxi man from transporting passengers from points in West Virginia to points in Kentucky, and vice versa, but sustained it as to picking up and discharging passengers at any point or points on the route in Kentucky. The bus operator has appealed, and the taxi man has prosecuted a cross-appeal.

The Motor Vehicle Law of 1926 is attacked by the taxi man, as violative of sections 2 and 3 of the Kentucky Constitution and the commerce clause of section 8 of the federal Constitution. So far as he has manifested to the court he is wrong in both contentions. See Harrison et al. v. Big Four Bus Lines, 217 Ky. 119, 288 S. W. 1049; Northern Ky. Trans. Co. v. Bellevue, 215 Ky. 514, 285 S. W. 241; Interstate Bus Corp. v. Holyoke St. Ry. Co., 47 S. Ct. 298, 71 L. Ed. ——; Cannon Ball Trans. Co. v. Pub. Util. Co. of Ohio, 113 Ohio St. 565, 149 N. E. 713; Mich. Pub. Util. Co. v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105, and the cases cited in these, especially the exhaustive notes beginning on page 1110 of 36 A. L. R.

The taxi man is stoutly relying on Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286, in which case Buck had applied for a permit or certificate and been refused. The state authorities were enjoined.

Before the taxi man can get much comfort out of this case, he must bring himself within it. He must make an application for a certificate as a bus operator, under section 2739j-3. Not having done that, he should have been enjoined from engaging in every form of transportation along this route, except such as is permissible under section 2739j-21a, that being the only form of transportation business he had either obtained or sought to obtain from this commonwealth a license to prosecute.

The judgment is reversed on the original and affirmed on the cross appeal, with directions to enter judgment as indicated.