## Slusher v. Safety Coach Transit Company.

(Decided May 28, 1929.)

MARTIN T. KELLY for appellant.

JAS. S. GOLDEN and N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Safety Coach Transit Company holds a certificate of convenience and necessity issued by the commis-

sioner of motor transportation, authorizing it to operate motor coaches for the transportation of passengers for hire from Corbin, Ky., to Middlesboro, Ky. Sam Slusher operates a taxicab in the city of Pineville, Ky. This action was instituted by the Safety Coach Transit Company to enjoin Slusher from engaging in unfair and illegal competition with the Safety Coach Transit Company. The circuit court granted the relief sought, and Slusher appeals.

It is conceded by the appellant that the injunction granted by the circuit court accords with chapter 112 of the Acts of 1926, which is section 2739j-1 to section 2739j-41, inclusive, Kentucky Statutes, Supplement 1928, as construed by this court in numerous cases. Harrison v. Big Four Bus Line, 217 Ky. 119, 288 S. W. 1049; Crigger & Stepp v. Allen, 219 Ky. 254, 292 S. W. 811; Reo Bus Lines Co. v. Southern Bus Lines Co., 209 Ky. 40, 272 S. W. 18; Hazard Bus Co. v. Wells, 226 Ky. 591, 11 S. W. (2d) 413.

But it is argued that these cases should be reconsidered and modified in some material respects. It is said that Slusher owns his automobile and has a right to drive it upon the public highway for the carriage of persons and the transportation of property; that such right to conduct a lawful business is a property right protected by the federal Constitution against impairment or interference. Traux v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131 L. R. A. 1916D, 545 Ann. Cas. 1917B, 283; Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623; 38 A. L. R. 286. It is argued that the regulations in force in Kentucky are not confined to the authority to regulate the highways, but extend to the regulation of lawful business, affect competition only, and are unreasonable and unconstitutional. Michigan Public Util. Commission v. Duke, 266 U. S. 570, 45 S. Ct.191, 69 L. Ed. 445, 36 A. L. R. 1105; Frost & Frost Trucking Co. v. Railroad Commission, 271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 459.

The argument is unsound. It may be assumed that the right to work for a living in the common occupations of the community is of the very essence of personal freedom and opportunity. Traux v. Raich, supra. Indeed, a citizen may have, under the federal Constitution, a right to travel and to transport his property upon the highways by motor vehicle; but he has no right to make the highways his place of business by using them as a

common carrier for hire. Buck v. Kuykendall, supra. Such use is a privilege which may be granted or withheld by the state in its discretion without violating any provision of the state or federal Constitution. The highways belong to the public, but are primarily for the use of the public in the ordinary way. Their use for the purposes of private gain is special and extraordinary and, in general, may be restrained, prohibited, or conditioned as the legislative power may prescribe. Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; Clark v. Poor, 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199; Frost v. Railroad Commission, supra. It is essential to the proper use of the highways, and to secure adequate service to the public, that the business of motor transportation for hire should be regulated and those who avail themselves of the regulations and observe them must be protected from unfair competition by those who do neither. Packard v. Banton, supra, Harrison v. Big Four Bus Line, supra. The act in question expressly reserves to taxicabs and similar carriers the right pursuant to private contracts to carry passengers on casual trips (Michigan Public Util. Co. v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105), and the injunction in this case protects that right; but the appellant has no right to engage in destructive and forbidden competition with the authorized carrier seeking out and picking up its prospective passengers at any place or time suiting his convenience.

The cases cited make clear the relative rights of the state, the carrier, and competitors, as well as the extent to which the supreme power of the federal government under its authority to regulate interstate commerce controls, and further elaboration is not necessary or appropriate.

The judgment is affirmed.