**WHITNEY et al. v. JOHNSON et al.**

No. 10.

District Court, E. D. Kentucky.

Feb. 21, 1941.

H. W. Vincent, of Bowling Green, Ky., for plaintiffs.

Hubert Meredith, Atty. Gen. of Kentucky, and M. B. Holifield, Asst. Atty. Gen., for defendants.

Before HAMILTON, Circuit Judge, and FORD and SWINFORD, District Judges.

SWINFORD, District Judge.

The plaintiffs are operators of motor trucks engaged in inter-state commerce through the State of Kentucky. The defendants are officers and employees charged with the duty of enforcing upon truck operators the regulations and statutes dealing with such matters.

This case is before us on the defendants' motion to dismiss the bill of complaint. The bill attacks the constitutionality under the Federal Constitution of Sections 2739g-80 and 2739g-82, Carroll's Kentucky Statutes, Baldwin's 1936 Revision. It is alleged that these sections of the statutes violate the due process and equal protection clauses of the Fourteenth Amendment and also the Commerce Clause (Art. 1, Section 8, cl. 3).

The bill asks for an interlocutory injunction to prevent the defendants from enforcing the penal provisions of the Act.

Section 2739g-82 provides as follows: "No person shall operate on any highway any motor-truck or semi-trailer truck whose gross weight, including load, shall exceed Eighteen thousand pounds."

The sole question presented is whether the Kentucky Legislature had a right to fix this limitation.

The question is not novel. It has been before the Kentucky Court of Appeals and the United States Supreme Court. Sproles v. Binford, Sheriff, et al., 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167; Maurer v. Hamilton, 309 U.S. 598, 60 S.Ct. 726, 84 L. Ed. 969; South Carolina State Highway Dept. v. Barnwell Bros., 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734; Stephenson et al. v. Binford et al., 287 U.S. 251, 53 S.Ct. 181, 77 L.Ed. 288, 87 A.L.R. 721; Hodge Drive-It-Yourself Co. et al. v. Cincinnati et al., 284 U.S. 335, 52 S.Ct. 144, 76 L.Ed. 323; Whitney et al. v. Fife, Judge, et al., 270 Ky. 434, 109 S.W.2d 832; Ashland Transfer Co. et al. v. State Tax Commission et al., 247 Ky. 144, 56 S.W.2d 691, 87 A.L.R. 534.

■■ These cases conclusively hold that the matter of regulating the load limit of motor trucks is with the States. It is difficult to see how any other conclusion could be reached. The type, width and grade of the road must be determined in relation to the cost of construction and the ability of the State to pay for its road construction.

These elements must necessarily be controlling in fixing the size and weight of vehicles which use the roads. For the federal government to say to a state that you must permit trucks carrying loads equal to those permitted by Indiana is of course saying that Kentucky must build roads of such type and material that will carry such loads, even though it bankrupt the State. Such federal regulation over the affairs of a state are so clearly obnoxious to the entire system of government under which we live that it hardly admits of argument.

■■ In the case of Sproles v. Binford, supra, on page 388 of the opinion in 286 U.S., 52 S.Ct. on page 585, 76 L.Ed. 1167, the Supreme Court said: "In exercising its authority over its highways the state is not limited to the raising of revenue for maintenance and reconstruction, or to regulations as to the manner in which vehicles shall be operated, but the state may also prevent the wear and hazards due to excessive size of vehicles and weight of load. Limitations of size and weight are manifestly subjects within the broad range of legislative discretion. To make scientific precision a criterion of constitutional power would be to subject the state to an intolerable supervision hostile to the basic principles of our government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to secure. Ohio Oil Co. v. Conway, 281 U.S. 146, 159, 50 S.Ct. 310, 74 L.Ed. 775. When the subject lies within the police power of the state, debatable questions as to reasonableness are not for the courts but for the Legislature, which is entitled to form its own judgment, and its action within its range of discretion cannot be set aside because compliance is burdensome. Standard Oil Co. v. Marysville, 279 U.S. 582, 586, 49 S.Ct. 430, 73 L.Ed. 856; Price v. Illinois, 238 U.S. 446, 452, 453, 35

S.Ct. 892, 59 L.Ed. 1400; Hadacheck v. [Chief of Police of City of Los Angeles], 239 U.S. 394, 410, 36 S.Ct. 143, 60 L.Ed. 348, Ann.Cas.1917B, 927; Euclid v. Ambler [Realty] Co., 272 U.S. 365, 388, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; Zahn v. Board of Public Works, 274 U.S. 325, 328, 47 S.Ct. 594, 71 L.Ed. 1074."

In that case the Texas Legislature had enacted a statute fixing the weight limit at 7,000 pounds.

In the later case of South Carolina State Highway Department v. Barnwell Brothers, supra [303 U.S. 177, 58 S.Ct. 517, 82 L.Ed. 734], the Supreme Court said: "Since the adoption of one weight or width regulation, rather than another, is a legislative, not a judicial, choice, its constitutionality is not to be determined by weighing in the judicial scales the merits of the legislative choice and rejecting it if the weight of evidence presented in court appears to favor a different standard."

In the same opinion the Court said: "Few subjects of state regulation are so peculiarly of local concern as is the use of state highways. There are few, local regulation of which is so inseparable from a substantial effect on interstate commerce. Unlike the railroads, local highways are built, owned, and maintained by the state or its municipal subdivisions. The state has a primary and immediate concern in their safe and economical administration. The present regulations, or any others of like purpose, if they are to accomplish their end, must be applied alike to interstate and intrastate traffic both moving in large volume over the highways. The fact that they affect alike shippers in interstate and intrastate commerce in large number within as well as without the state is a safeguard against their abuse."

A reading of these cases is convincing that the exact questions here presented have been considered and determined by the United States Supreme Court.

It is argued by counsel that the Act is unconstitutional because it permits passenger busses to carry greater weights than freight trucks. An examination of the Act discloses that the method prescribed by the statute in determining the weight of passenger busses is arrived at on the basis of the seating capacity which seems a most reasonable provision. To deny passenger busses the right to carry a reasonable amount of luggage and freight in connection with its passenger service would be to deny them the right to operate.

Although the weight of passenger busses is not limited by express statutory enactment, it is limited by a method of taxation based on seating capacity. Section 2739o-2, Carroll's Kentucky Statutes, Supp., Baldwin's Revision. This is, of course, in addition to the provision limiting weight in accordance to the width of tires applicable to all vehicles used on the public highways. Section 2739g-33(b). Carroll's Kentucky Statutes, Baldwin's Revision.

Even though there is a discrimination we do not see how that fact could make the legislation violative of the federal constitution. Class legislation is prohibited by the constitution of the State of Kentucky, Sections 59 and 60, but the Kentucky Court of Appeals has expressly held that the statute in question does not violate these provisions of the State Constitution. Ashland Transfer Company v. State Tax Commission, supra; Whitney v. Fife, Judge, supra.

This question was also raised in Sproles v. Binford, supra, wherein it was shown that the Texas statute permitted passenger busses to carry greater loads than freight trucks. I quote from the opinion: "Appellants press the contention that, as admitted by the District Court, the damage to the highways is as great from a load of persons as from a load of freight, and that the combined weight of vehicles and the load in the case of passenger buses is greater than the combined weight of vehicles and load carrying freight where the net load is limited to 7,000 pounds. These considerations would be controlling if there were no other reasonable basis for classification than the mere matter of weight. But in passing upon the question of the constitutional power of the state to fashion its regulations for the use of the highways it maintains, we cannot ignore the fact that the state has a distinct public interest in the transportation of persons. We do not think that it can be said that persons and property, even with respect to their transportation for hire, must be treated as falling within the same category for purposes of highway regulation. The peculiar importance to the state of conveniences for the transportation of persons in order to provide its communities with resources both of employment and of recreation, the special dependence of varied social

and educational interests upon freedom of intercourse through safe and accessible facilities for such transportation, are sufficient to support a classification of passenger traffic as distinct from freight. There is no constitutional requirement that regulation must reach every class to which it might be applied—that the Legislature must regulate all or none. Silver v. Silver, 280 U.S. 117, 123, 50 S.Ct. 57, 74 L.Ed. 221 [65 A.L.R. 939]. The state is not bound to cover the whole field of possible abuses. Patsone v. Pennsylvania, 232 U.S. 138, 144, 34 S.Ct. 281, 58 L.Ed. 539. The question is whether the classification adopted lacks a rational basis. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369, Ann.Cas.1912C, 160; Keokee [Consol.] Coke Co. v. Taylor, 234 U.S. 224, 227, 34 S.Ct. 856, 58 L.Ed. 1288; Miller v. Wilson, 236 U.S. 373, 384, 35 S.Ct. 342, 59 L.Ed. 628, L.R.A.1915F, 829; Carley [& Hamilton] v. Snook [281 U.S. 66, 50 S.Ct. 204, 74 L.Ed. 704, 68 A.L.R. 194], supra; Smith v. Cahoon [283 U.S. 553, 51 S.Ct. 582, 75 L.Ed. 1264], supra. We cannot say that such a basis is lacking in this instance."

It is urged that because of this limitation Kentucky is seriously interfering with interstate commerce. That it is so far out of line with other states from which and to which tonnage by truck must pass, in gross weight permitted to be carried, that there is produced a "bottleneck" which seriously interferes with the national defense.

 This is a question which peculiarly addresses itself to the State Legislatures of the various States. Acting for the interest of her people and with knowledge of the terrain and materials with which the State must deal in constructing her highways, these weights are fixed in order that a "bottleneck" can be avoided. To permit tonnage to pass over roads unable to bear the weight and over bridges incapable of accommodating such loads would result in a complete breakdown and destroy the entire course over which even trucks of a much lighter weight can travel. Roads and bridges are constructed with weight limitations. If the State can only afford to build roads that are capable of carrying a certain load there is nothing further that can be done about it. Our sister States, because of physical and topographical conditions, accessibility to materials, taxable wealth and many other circumstances which enter into road construction, may be able to build roads of such construction for hundreds of miles that would bankrupt Kentucky if she undertook to build one through highway to the neglect of all other roads in the State. This Court cannot be asked to say whether a certain load limit is proper or improper. The question must be addressed to the legislature which has the facilities to determine such matters and must be assumed to act for the best interest and protection of the people of Kentucky with due regard for the interstate relationship. If this load limit is too small the matter should be addressed to the legislature.

It is insisted that the Act under consideration violates the Commerce Clause of the Federal Constitution. The argument on this point is somewhat obscure. It is difficult to see just what counsel is endeavoring to show. The case of United States of America v. Appalachian Electric Power Company, 61 S.Ct. 291, 85 L.Ed. ——, decided by the Supreme Court of the United States on December 16, 1940, cited in the plaintiffs' brief, can have no possible bearing on the issue involved here. It is urged that this case is a strong indication that the federal government is within its rights in extending its exercise over commerce. The decision in the Appalachian case was based upon an Act of Congress known as the Rivers and Harbors Act of 1899, 30 Stat. 1151, 33 U.S.C.A. §§ 401, 403. The Supreme Court concluded that the river in question, the New River in Virginia, was navigable and came under the provisions of the Act.

In the case at bar the exact opposite has been held. In the case of Maurer v. Hamilton, supra, the question for decision was whether a Pennsylvania law regulating the operation of motor vehicles under certain conditions was suspended by the Interstate Commerce Commission under the Federal Motor Carriers Act of 1935, 49 Stat. 543, 49 U.S.C.A. §§ 301–327.

In that case the question of regulation of weight was discussed at length.

Section 225 of the Act authorizes the Interstate Commerce Commission to investigate and report to Congress on the "need for Federal regulation of the sizes and weight of motor vehicles." After quoting this section the opinion in the Maurer case [309 U.S. 598, 60 S.Ct. 731, 84 L.Ed. 969] states: "Unlike § 204 (a) (3), which makes it the duty of the Commission 'if

need therefor is found' to establish reasonable requirements to promote safety of operation and to prescribe standards of equipment for 'private carriers of property,' § 225 imposes no duty and confers no authority on the Commission to regulate the sizes and weights of motor vehicles. Its authority is limited to investigation and report of the need of such regulation."

At another point in the opinion the Court says: "This Court has also had occasion to point out that the sizes and weights of automobiles have an important relation to the safe and convenient use of the highways, which are matters of state control. Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167; South Carolina [State] Highway Dept. v. Barnwell Bros., supra."

In view of this most recent pronouncement by the Supreme Court (April 22, 1940) it is difficult to understand why counsel can argue that the statute here considered is in violation of the Commerce Clause.

We are of the opinion that the motion for an interlocutory injunction should be overruled, and the defendants' motion to dismiss the bill of complaint should be sustained. Let proper orders in accordance herewith be submitted.