Alfred RAY, d/b/a Al's Ambulance Service, Appellant,

v.

CITY OF OWENSBORO, Kentucky, Appellee.

Court of Appeals of Kentucky.

May 12, 1967.

John D. Miller, Owensboro, for appellant.

William T. Carroll, Owensboro, for appellee.

OSBORNE, Judge.

Appellant, Al Ray, doing business as Al's Ambulance Service, instituted this proceeding in the Daviess Circuit Court seeking an injunction enjoining the City of Owensboro from enforcing an ordinance requiring a franchise for the operation of an ambulance service within the city. In January of 1964 the City adopted an ordinance, the pertinent parts of which read as follows:

"SECTION 1. From and after the effective date of this Ordinance it shall be unlawful for any person, partnership, corporation, firm or other legal entity to operate an ambulance service in the City of Owensboro, Kentucky, either as a single enterprise or in connection with

the operation of another business without first obtaining a franchise from the City of Owensboro, Kentucky, to operate such ambulance service.

"SECTION 2. Any person, partnership, corporation, firm or other legal entity violating this ordinance shall be fined not less than TWENTY-FIVE DOLLARS ($25.00) nor more than FIFTY DOLLARS ($50.00), or be subject to imprisonment for not less than ten (10) days nor more than thirty (30) days, or to both such fine and imprisonment. Each day of. violation of this ordinance shall constitute a separate offense."

Pursuant to this ordinance, the city granted the Community Ambulance Service, Inc., the "right and privilege to operate an ambulance service within the corporate limits of the city of Owensboro * * * for a period of ten years from the effective date thereof.

"The right herein granted expressly includes the right to operate ambulances on the streets, alleys and public ways of the city of Owensboro, said ambulances being declared to be 'authorized emergency vehicles' as defined by section 22–2(2) of the Code of Ordinances of the City of Owensboro, Kentucky.

"The said Community Ambulance Service, Inc., shall at all times during the franchise period have a minimum of two ambulances available for service, together with the necessary qualified personnel to operate same. Reasonable charges only may be made for such ambulance service and no person shall be reasonably refused such service."

The respondent city filed an answer admitting the enactment of the foregoing ordinance and admitting the awarding of the franchise. In the appellant's complaint, he alleges that he is a citizen of Daviess County, Kentucky; alleges the enactment of the ordinance and the awarding of the franchise thereunder; states that he is the owner and operater of an ambulance service in Daviess County outside of the city limits of the City of Owensboro; that on September 29, 1964, he delivered an injured person to the Owensboro-Daviess County Hospital and that soon thereafter a warrant for his arrest for violation of the ordinance was issued. Appellant alleges that he was convicted and fined the sum of $25 in the Owensboro Police Court. He alleges that the franchise issued by the city is exclusive and that the city will not issue him a franchise to operate therein.[1]

Appellant alleges that the ordinance is invalid because the city had no constitutional or legislative authority to enact it; that the ambulance business is not a proper subject for franchise by governmental authority; that the ordinance violates his rights guaranteed under section one, paragraph five of the Kentucky Constitution and section one of the fourteenth amendment to the United States Constitution.[2]

■ We believe the only question to be answered is whether the city had constitutional or legislative authority to enact the ordinance and included in this question is the question of whether the operation of an ambulance service is a proper subject for franchise by governmental authority. If the city had authority to enact the ordinance, certainly appellant has not been denied "[t]he right of acquiring and protecting property" under section one, paragraph five of the Kentucky Constitution nor has he been deprived of his "property, without due process of law" nor denied "the equal protection of the laws" under section one of the fourteenth amendment to the United States Constitution.

The right of a city to grant a franchise is found in sections 163 and 164 of the

1. In response to this latter allegation, the city states that he has made no application for franchise.

2. The trial court entered judgment denying the relief sought.

Kentucky Constitution, which read as follows:

"Section 163. Public Utilities Must Obtain Franchise to Use Streets. No street railway, gas, water, steam heating, telephone, or electric light company, within a city or town, shall be permitted or authorized to construct its tracks, lay its pipes or mains, or erect its poles, posts or other apparatus along, over, under or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city or town being first obtained; but when charters have been heretofore granted conferring such rights, and work has in good faith been begun thereunder, the provisions of this section shall not apply.

"Section 164. Term of Franchise Limited: Advertisement and Bids. No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway."

■ It is apparent from the above that if the subject of the franchise is covered under section 163 and the ordinance meets the technical requirements of section 164, then it is valid. It will be noted that section 163 deals with certain specific subjects, to-wit, street railway, gas, water, steam heating, telephone or electric light companies within a city or town. We do not believe the right granted cities by this section is today limited to these specific utilities. The purpose of the section was to give the city control of the streets, alleys and public grounds

and to make it possible for the city to provide the services of these utilities to its inhabitants. Therefore, the right granted is not and properly should not be restricted to those utilities enumerated, but applies to all utilities and services which might today be proper subjects for control, when the original intent and purpose of the act is considered. In People's Transit Co. v. Louisville Railway, 220 Ky. 728, 295 S.W. 1055, we held that an automobile-bus line operating over the streets was a proper subject for franchise. We have held that garbage collection was a proper subject of franchise. See City of Bowling Green v. Davis, 313 Ky. 203, 230 S.W.2d 909. We have held the right to use a part of a river bed for the extraction of sand and gravel to be a proper subject for a franchise. See Willis v. Boyd, 224 Ky. 732, 7 S.W.2d 216. We have held that the right granted under these sections to the cities is absolute and can not be taken away by the legislature. This was done in an action requiring electric utilities to place their wires underground. See Benzinger, Police Judge v. Union Light, Heat & Power Co., 293 Ky. 747, 170 S.W.2d 38. In Irvine Toll Bridge Co. v. Estill Co., 210 Ky. 170, 275 S.W. 634 we held that a fiscal court had the right to grant a franchise to operate a toll bridge across a navigable stream and based the opinion upon the fact that section 164 was "self-operative" and the subject of the franchise was within the jurisdiction of the fiscal court. Here we pointed out the only limitations upon the power of the court were those contained in the Constitution. In Adams et al. v. Burke, 308 Ky. 722, 215 S.W.2d 531, we recognized that the operation of a taxi-cab service was a proper subject for a franchise. However, in the course of this opinion, we held that the Division of Motor Transportation, by virtue of KRS 286.020 [3] had pre-empted this field. In this opinion, we said:

"At the outset it must be conceded that the utilization of streets in the transpor-

3. Which has since been repealed.

tation of persons for hire is not an ordinary use to which all members of the public have a common right, but is an extraordinary use subject to regulation by the *controlling public authority*. 25 Am. Jur., Highways, Section 193; Slusher v. Safety Coach Transit Company, 229 Ky. 731, 17 S.W.2d 1012, 66 A.L.R. 1378. In the Slusher case we recognized that the use of highways for private gain may be 'restrained, prohibited, or conditioned as the legislative power may prescribe.' 229 Ky. page 733, 17 S.W.2d 1013, 66 A.L.R. 1378. See also note in 87 A.L.R. 721."

■ We are of the opinion that sufficient authority exists in the constitution of this state to support the ordinance, however, even without this authority a municipality under its police powers may provide for the health, safety and welfare of its inhabitants and under these powers would have sufficient authority to limit or regulate the use of emergency vehicles including ambulances upon its public streets. As we view the law, the city has the right to provide emergency ambulance service to its inhabitants, and if the use of a franchise can be an effective instrument or tool in the providing of a more effective service, then certainly it is justified. By the use of a franchise the city can guarantee that the service will always be available; that it will be efficient and adequate; and that the operators will be qualified to act under emergency conditions.

■ Appellant makes a strong argument that the franchise prohibits competition and this is bad under our free enterprise system. We agree that only where the public interest demands should competition be restrained or limited. However, many times excessive competition results in poor service and even no service. When, in the opinion of the legislative body, this state of facts exists then they have it within their power to take such measures as are necessary under the Constitution and laws to make service available.

Of course the legislative body is restricted by the terms of section 164 of the Constitution in that the franchise can not be for a term exceeding twenty years; that before it may be awarded it must first be advertised publicly and it must be awarded upon receipt of bids to the highest bidder. There is nothing in this record which indicates that the franchise under question was not so awarded nor does appellant contend that it was improperly advertised or awarded without bids.

The judgment is affirmed.

All concur.