# Red Diamond Bus Line Company et al. v. Cannon Ball Transportation Company et al.

(Decided March 18, 1930.)

WAUGH & HOWERTON and R. W. KEENON for appellants.

MARTIN & SMITH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

About April 1, 1928, the Cannon Ball Transportation Company applied to the commissioner of motor transportation for a certificate of public convenience and necessity to operate a motor bus line between Portsmouth, Ohio, and Ashland, Ky., via South Portsmouth, Fulton, and Greenup, Ky., for the purpose of transporting interstate passengers between Portsmouth, Ohio, and Ashland, Ky., and intrastate passengers between South Portsmouth, Ky., and Ashland, Ky. The granting of the certificate was protested by the Red Diamond Bus Line Company and the Blue Ribbon Bus Line Company, and their owners, who were operating a motor bus service between Ashland and Greenup under a permit theretofore granted by the commissioner. In support of its application, the Cannon Ball Transportation Company filed several letters recommending the additional service, also the affidavits of three employees of a com-

pany affiliated with the applicant, to the effect that on certain days they had checked the service of protestants and that they did not comply with their schedule, and that on certain occasions protestants used touring cars in place of busses. On the other hand, the protestants filed some 75 affidavits to the effect that they were amply equipped to take care of the traveling public between Ashland and Greenup, that their service was adequate, and that there was no public necessity for the granting of any additional permit between those points. Among other findings by the commissioner are these:

"The proof submitted by the applicant clearly shows that these two lines are not giving satisfactory service between these points, and that they are not maintaining their schedule as granted by the Commissioner of Motor Transportation. It further shows that they are operating touring cars as busses which have not been licensed by the Commissioner of Motor Transportation, and on which they have not secured any personal liability or property damage insurance, which is a direct violation of the Motor Transportation Laws.

"From careful consideration of all the proof filed or introduced, I am of the opinion that a motor bus line between Portsmouth, Ohio, and Ashland, Kentucky, is a public convenience and necessity to the traveling public, and that the present service is inadequate."

The commissioner further found that the establishment of an additional bus line was a public convenience and necessity, and granted the certificate. Thereupon the protestants filed a motion to set aside the order on the ground that they were informed by the commissioner that they would be given an opportunity to inspect the affidavits of the applicant and prepare counter affidavits, and that such opportunity was denied. The motion was overruled, and on appeal to the Franklin circuit court the action of the commissioner was affirmed. The protestants appeal.

Section 2739j-4, Kentucky Statutes provides:

"It shall be the duty of the commissioner to refuse any application for a permit over a route where there has already been two or more lines established unless it can be shown to the satisfac-

tion of the commissioner that the existing operations are not sufficient to take care of the traveling public and the persons holding said certificate refuse to put on sufficient service to take care of said traveling public.''

Under this statute, the commissioner is not authorized to grant an application for a permit over a route where two or more lines have already been established unless two things concur; (1) insufficiency of present service; (2) refusal to put on sufficient service. Here the two lines had already been established between Ashland and Greenup. To that extent the service proposed to be rendered by the applicant was competitive. In the circumstances, the statute applies. The commissioner found that the existing service was not adequate. He did not notify protestants of that fact, and give them a reasonable opportunity to put on sufficient service. On the contrary, he granted the permit although protestants had not refused to put on sufficient service. But it is suggested that the action of the commissioner was justified because of his finding that protestants were operating touring cars which had not been licensed by him, and on which they had not secured any personal liability or property damage insurance. The statute in question deals only with the sufficiency of the service. It does not make the sufficiency of the bond furnished by those already holding a permit a ground for granting the additional permit. The furnishing of a bond or policy of insurance is a prerequisite to the obtention of a certificate. It would seem that the bond or insurance policy required by the statute is broad enough to cover liability, regardless of the vehicle in which the passenger is injured, or killed, and, if the bond or policy heretofore furnished by protestants is not sufficient to impose such liability, the commissioner should see that the proper bond or policy is required. Certainly he should not grant the additional permit without notifying the owners of the present certificates of that fact, and giving them an opportunity to furnish proper security. In the circumstances, we deem it unnecessary to decide whether or not the commissioner's finding that the protestants were not rendering sufficient service to take care of the traveling public is supported by the evidence. It is sufficient to say that his decision did not conform to the provisions of the act, and for that reason the order granting the permit to the applicant must be set aside.

On the return of the case the commissioner will hear evidence on the sufficiency of the present service, and, if he finds it insufficient, will give the protestants a reasonable opportunity to put on sufficient service. He will not grant the permit in toto sought by the applicant until and unless it is shown to his satisfaction that the present service is insufficient, and that the protestants have refused to put on sufficient service.

In the meantime, he will issue, in lieu of the present certificate, a certificate authorizing the applicant to take on and discharge interstate passengers, and also to take on west-bound passengers at Ashland, and at intermediate points between Ashland and Greenup, destined for points west of Greenup, and discharge them at said points, and to take on east-bound passengers at South Portsmouth, and at intermediate points between South Portsmouth and Greenup, destined for points east of Greenup, and discharge them at said points. He will exclude from the permit the right to take on passengers at Ashland and Greenup, or at intermediate points between Ashland and Greenup destined for either Ashland or Greenup, or for intermediate points between those two cities.

Judgment reversed, and cause remanded with directions to the Franklin circuit court to remand the case to the commissioner of motor transportation for proceedings in conformity with this opinion.