# Black Bus Line v. Henry, Commissioner of Motor Transportation, et al.

(Decided December 18, 1931.)

C. R. LUKER for appellant.

W. B. EARLY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

O. H. Black, under the trade-name of "Black Bus Line," operates some passenger busses over some of the roads in Southeastern Kentucky, including one between London and Corbin, while H. R. White and his associates conduct a similar bus line over other routes in the same section of the state under the trade-name of "Kentucky River Coach Company." Each of them, under such trade-names, applied to the commissioner of motor transportation for Kentucky to obtain a permit and certificate giving them the right to transport passengers over the public road between London, Ky., and Manchester, Ky. There were also other applicants for the same right and permit between the same termini and over the same route. The commissioner set a day for hearing of the applications and notified each applicant, and on that day a hearing was had at which each applicant introduced all the testimony he desired, and it was taken down by a stenographer and later transcribed. The applications were then submitted to the commissioner, and after due consideration of the testimony he found that the operation of a passenger bus line over the route for which the applications were made, and between the points indicated, would be convenient to the public and was necessary.

He further found from the proof so introduced before him that there was no necessity for but one such bus line over that route, and that Mr. White and his associates were better equipped for the purpose and

would probably render the best and safest service than would any of the other applicants, and a certificate and permit was granted to them under their trade-name of "Kentucky River Coach Company," and he dismissed the applications filed by all the others. Black, in his trade-name of "Black Bus Line," then prosecuted an appeal to the Franklin circuit court by filing a petition therein against the commissioner, and the Kentucky River Coach Company, in which he averred that the commissioner at the time he rendered his findings knew certain facts, which are not material to the controversy, and among which was that plaintiff Black had first filed his application for the permit and it was continued from time to time before the hearing and during which time the others, including defendant, Kentucky River Coach Company, filed their applications. But what that knowledge on the part of the commissioner bore upon the merits of the case is beyond our conception, nor has any light been thrown on it by the labored efforts of counsel representing Black.

It was also alleged in the petition that the commissioner

"acted without and in excess of his authority that said decision was procured by fraud; that it is not in conformity with the provision of the act under which he was proceeding; that his finding of facts in issue were not supported by the evidence, and his decision is an abuse of the discretion given him; that said commissioner knew at the time he granted this certificate to the said Kentucky River Coach Company, and refused to give to his plaintiff a like certificate or to grant to it a certificate, instead of to the said Coach Company, that this plaintiff was entitled under the evidence and under the law to said certificate, or at least to a certificate to operate on said road. But, notwithstanding this fact, he failed and refused to grant to this plaintiff a certificate, and by so doing abused his discretion."

Such alleged grounds were denied by the defendant, Kentucky River Coach Company, on the appeal to the circuit court, and at the hearing therein the only evidence introduced was a transcript of that heard before the commissioner and which conformed to the practice as prescribed by section 2739j-18 of the 1930 Edition of

Carroll's Statutes, except upon an issue of "fraud or misconduct of some person engaged in the administration of this act," and which affected "the order, ruling or award" of the commissioner. Fraud in only general terms, as will be seen from the excerpt supra, was *charged,* and if it should be conceded that such general charge was sufficient (a question not now .decided) a case was presented wherein additional evidence to that heard before the commissioner was permissible. But none such was attempted to be introduced and which furnished a case wherein the one upon whom the burden was cast declined to assume it. In such circumstances the Franklin circuit court, to which the appeal was taken, coincided with the commissioner and dismissed the appeal, from which Black prosecutes this appeal to this court.

Our recent opinions in the cases of Red Star Transportation Co. v. Red Dot Coach Lines, 220 Ky. 424, 295 S. W. 419, Barnes v. Consolidated Coach Corporation, 223 Ky. 465, 3 S. W. (2d) 1087, and others referred to in them, very properly held that the commissioner before whom such applications are made is vested with. a wide discretion in the determination of the questions so presented to him (but which is only a sound and not an arbitrary one), and a large portion of brief for appellant is taken up with the citation of cases and authorities, as well as the incorporation of excerpts therefrom, defining what is a "sound discretion," and with all of which we most heartily agree, and from which the determination of the commissioner, and its confirmation by the Franklin circuit court, did not in the least depart. If there were facts in this record from which a conclusion could be based that the commissioner in taking the action he did, and of which complaint is made in this case, had abused a sound discretion as so defined by appellant's cited authorities, then they and the doctrine they announce would be of service in the determination of this controversy. But there is not the slightest inkling in the record made before the commissioner, including the evidence heard by him, to show any abuse of discretion.

On the contrary, the testimony as so heard confirms his determination in every point decided by him, and this appeal appears to be confirmatory of but one fact, which is, that appellant was disappointed in not procur-

ing the permit applied for instead of it being granted to his contesting applicant, the "Kentucky River Coach Company"; but which disappointment alone furnishes no ground for a court to disturb the determination of the commissioner, and for which reason there was never any ground for the appeal prosecuted to the circuit court, nor for the one prosecuted to this one. The case of Red Diamond Bus Line Co. v. Cannon Ball Transportation Co., 233 Ky. 482, 26 S. W. (2d) 28, cited and relied on in brief of appellant's counsel, contains nothing militating against the conclusions we have expressed. The evidence upon the issues therein presented abundantly sustained the conclusion reached by this court in that opinion, but which fact is entirely absent in this record.

Entertaining such views, it results that the judgment appealed from was correct, and it is affirmed.