## Eastridge v. Southeastern Greyhound Lines et al.

Oct. 24, 1939.

C. M. C. Porter and Polk South for appellant.

R. W. Keenon and Hubert Meredith, Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellee, Southeastern Greyhound Lines, holds a certificate of convenience and necessity, issued it by the Director of Motor Transportation, authorizing it to operate motor buses for the transportation of passengers for hire over Highway 60 from Lexington to Louisville, via Versailles and Frankfort.

The appellant, T. W. Eastridge, has acquired by purchase and lease two permits, Nos. 123 and 185, the first authorizing its holder to operate motor bus service for hire from Lexington to Midway, over the route of the Leestown Pike, as therein specified, and the second, No. 185, authorizes a like bus operation from Midway to

Frankfort, also over the Leestown Pike to the point of its junction with Highway 60, some four or five miles east of Frankfort, and thence over Highway 60 to its terminal point of Frankfort.

Appellant having bought, on October 6, 1937, from one Wilson the first (No. 123) of these permits and having acquired by lease from one Medley the second (No. 185), respectively authorizing bus service between Lexington and Midway and Midway and Frankfort, he applied to the Division of Motor Transportation for its approval of the through service he proposed to operate thereunder between Lexington and Frankfort, by combining these two permits, which, when linked, together covered the entire Midway route, paralleling Highway 60, between Frankfort and Lexington.

The director approved appellant's application to operate this through service, without notice being given to the parties in interest of the application or the holding of a public hearing on the matter.

Eastridge having then, pursuant to this approval given, begun advertising and operating such through bus service between Frankfort and Lexington, via Midway, the appellee, who was also, it is shown, at the time operating a through bus service between Frankfort and Lexington, via Versailles, over Highway 60 (a parallel route), brought this suit against Eastridge alleging that he was illegally operating a like through bus service, via Midway, between these terminals, basing such allegation upon the ground that the director had improperly approved such through service, and, further, that it was conducted in violation of the express terms and conditions of the sale contract had between plaintiff and Wilson and subject to which the latter had sold its permit No. 123 to Eastridge.

The petition concluded with a prayer that Eastridge be permanently enjoined from operating motor buses between Lexington and Frankfort, via Midway; that a temporary injunction be immediately issued, restraining defendant from such operation; and that D. C. Moore, Director of Motor Transportation, be required to withdraw his earlier approval given Eastridge's application for through service, and that the defendants Eastridge and Medley and defendants Eastridge and Wilson be enjoined from extending his bus line beyond Midway towards Frankfort, or that the sale contract of permit No.

123 be annulled and that defendants Wilson and East-ridge be required to reassign it to plaintiff.

The plaintiff having given notice of its motion for a temporary injunction and the case having been set for hearing, defendant filed answer denying the allegations of the petition and pleaded that plaintiff's sale contract and transfer of permit No. 123, subject to the conditions of which it alleged Eastridge had purchased the permit, was void and unenforceable, because made in restraint of trade and against public policy.

The court, after considering the pleadings and hearing arguments of counsel on the motion for a temporary injunction, based upon appellee's contention that East-ridge was illegally operating through buses between Frankfort and Lexington, via Midway, in violation of the sales contract entered into between it and Wilson and subject to which the permit was sold to and bought by defendant and the further contention that the Director of Motor Transportation had improperly approved schedules for through service under the two certificates, the one permitting bus service between Lexington and Midway and the other between Midway and Frankfort, was of the opinion that the through operation, approved by the Director, was in effect a change of route between fixed terminii, which made it necessary for the Director, before granting approval of the through bus service under the combined certificates, to give notice to the parties in interest and hold a public hearing, as provided by Section 2739j-10, Kentucky Statutes. The court therefore ordered that the case be re-referred to the Director and that he have a public hearing, as provided by Section 2739j-14, for the purpose of determining whether or not a public convenience and necessity existed for a through bus service between Lexington and Frankfort, via Midway.

Pursuant to such direction, on November 14, 1938, a rehearing was held by the Director on the application of the defendant Eastridge, at which witnesses were introduced and heard upon the question submitted, of whether a public convenience and necessity existed for through bus service between Lexington and Frankfort, via Midway.

At the close of the hearing, the Director rendered his decision, wherein he set out his findings of fact and law governing the question submitted.

Upon the question of law, the Director found that no public convenience and necessity existed for the additional through bus service between Frankfort and Lexington, via Midway, which appellant proposed to operate under the authority of the combined certificates. Upon the question of fact, he found that the appellee Southeastern Greyhound Lines was at the time operating a through service between Lexington and Frankfort, via Versailles, under a prior certificate issued it and that it offered and was able to put on any additional service schedules found necessary between Lexington and Frankfort over its parallel route between said terminals. Further he found that Eastridge's lease of permit No. 185 from Medley, which authorized him to operate buses from Midway to Frankfort, and the through schedules applied for, were approved by the Director without notice given or the holding of a public hearing and therefore ordered that the lease of permit No. 185 be re-approved, insofar as it offers service over the route between Frankfort and Lexington, with the following restrictions:

"No passengers to be handled between Frankfort and Lexington or vice versa; but it is understood that the approval of said lease grants the applicant, T. W. Eastridge, the right to pick up passengers in Lexington for any point over the highways traveled by him, except through passengers between said points, and is also authorized to pick up and discharge passengers at any point between Frankfort and Lexington * * * except he will not be permitted to transport through passengers between Lexington and Frankfort and between Frankfort and Lexington."

Upon such decision being reported back to the Franklin Circuit Court and therein filed, further pleadings and motions were filed by the parties, when the court, upon its own motion, again ordered a re-reference of the case to the Director, to be tried on the merits of the rights of the applicant, T. W. Eastridge, as to whether convenience and necessity exist for through service between Frankfort and Lexington, via Midway. Pursuant to this order, a rehearing was held at which no new evidence was introduced by the parties, which served to leave the matter in the same condition it was at the close of the first hearing. In view of there hav-

ing been no additional proof offered; the Director was left to decide the matter submitted on the evidence offered at the former hearing; for which reason he reaffirmed his earlier decision rendered on December 29, 1938, after his hearing of the matter, as being now his final decision made upon the whole case.

Upon the filing of this final decision of the Director, the court thereupon adjudged that Eastridge be permanently enjoined from transporting passengers between Lexington and Frankfort, via Midway, or vice versa, but that otherwise his permits Nos. 123 and 185 should remain in full force and effect as to transportation of passengers between any other points.

Eastridge appeals, seeking a reversal of this judgment.

We interpret his argument and points submitted as presenting for our review but two questions, which are: (1) Should the final decision and ruling of the Director of Motor Transportation be upheld; and (2) was the contract of sale entered into between Wilson and the appellee Southeastern Greyhound Lines binding upon Eastridge and subject to which permit No. 123 was sold and transferred Eastridge; and is it one in restraint of trade.

In view of the conclusion we have reached upon the first of these questions, we will not enter upon a discussion of nor decide any other questions presented, but same are expressly reserved.

Turning now our attention to the first of these questions, as to whether or not the criticised judgment of the court, upholding the Director's final decision, was erroneous, it is our conclusion that the same was appropriate and appellant's criticism thereof not well-founded.

It is to be noted that neither of the two certificates of public convenience and necessity, respectively prescribing public bus service routes between Lexington and Midway and Midway and Frankfort, undertook to provide any additional or competing bus service between the said terminals. Each permit was based upon the finding that there existed a public convenience and necessity for bus service between Lexington and Midway and likewise between Frankfort and Midway, between which terminii there was no existing bus service. The authorizing of such service by the Director between the

said terminii was obviously proper, as responsive to the needs of the residents of said terminii and of the intervening territory between them. However, the attempt of Eastridge, upon acquiring these two permits, authorizing his operation of bus service for hire over these two short routes between the terminal points therein named, for which no bus service was then provided, to convert the bus service thereunder given him, by linking or combining these permits, into the very different right to operate a through bus service for hire between Frankfort and Lexington, which was a different operation, not granted him under either or both of the permits he had acquired by purchase and lease, was clearly illegal and did not warrant the Director's approval of Eastridge's application for permission to operate such competitive bus service between Frankfort and Lexington; nor was he, under the provisions of the Motor Vehicle Act, entitled to be awarded permission to operate such through bus service, effecting such change in the character and extent of the permits held by him, in any other way than that prescribed by the Act, Section 2739j-14, Kentucky Statutes, for the original procurement of a permit for operating such through bus service between said terminals.

The applicable provisions of the Act require, as a condition to acquiring the right to operate through bus service between terminals over parallel routes, where competitive with an existing bus service between said terminals, that a notice to parties in interest shall be first given and a public hearing had to determine whether or not a public convenience and necessity exists and calls for the granting of a certificate to operate the proposed additional bus service between such terminals.

The court having found that the appellant's application to operate through service between Frankfort and Lexington, between which terminals the appellee was then operating through bus service over a parallel route, was approved by the Director without notice given interested parties or any public hearing held (as required by the Act), it adjudged that the approval of the application was prematurely given and ordered a re-reference of the matter to the Director to hear proof as to whether or not a public convenience and necessity existed, calling for the granting of additional through bus service over a parallel route between said terminals. The Director having found upon proof heard on that

question that no public convenience and necessity was shown to exist for this additional through service over a parallel route, he held that appellant was improperly operating such through service between said terminals, but that his permits should remain in full force and effect for the transportation of passengers between any other points on the route.

This decision being, in the court's opinion, proper and sustained by the pleadings and proof, it accordingly so adjudged.

The appellant insists that the permits acquired by him entitled him to operate a through bus service thereunder, once his application therefor had been approved by the Director, granting him such right; that the right became irrevocable and that the court erred in again referring the case to the Director for a re-determination of it.

Further he contends that the court's order, directing a re-reference and rehearing of this question, was based upon sections of the Motor Vehicle Act enacted in 1926, which were later repealed by amendment and re-enactment of the act by the Legislature at its regular 1932 session.

The express provision, however, of the later Act is that it repeals only those sections of the 1926 Act as are inconsistent with its provisions. But even were those sections repealed as inconsistent with the later Act, the latter, by its sections 2739j-51 and 2739j-55, provides like authority for the court's ruling as the trial court held was given by the sections named and, further, even if the sections of the 1926 Act were erroneously cited by the court, as requiring a re-reference of the case to the Director, such fact would not affect the propriety of the court's order, where its making was clearly authorized by other sections of the later enacted law.

As to the argument that the court's judgment, denying appellant the right to operate a through service from Frankfort to Lexington, effects a cancellation of appellant's certificates acquired, for the reason that he is unable to operate under his permits without the benefit of the fares received for the through service rendered, is not sound nor one to be here considered by us in reaching our conclusion as to his challenged right to operate the through service.

In Union Transfer & Storage Co. v. Huber & Huber, 265 Ky. 736, 97 S. W. (2d) 609, 611, the appellees asked the privilege to operate over a certain route under their certificate. Continuing, it is stated in the opinion that:

"Upon that request, we find this indorsement. 'Approved Dept. of Motor Transportation, Mar. 7, 1935, by Cliff Claypool (Signed) Commissioner.' The reason assigned for this request was given in person, so Mr. Claypool testifies, and was 'that the business did not justify it.' That is an insufficient reason. Whenever the business does not justify operations, the thing for the holder of the certificate to do is to surrender it, as is provided in Section 2739j-55 Kentucky Statutes. Whether the holders of these certificates make money or not is a matter of no concern to the commissioner. He should be guided alone by the convenience and necessity of the public, whose servant he is."

The appellant, Eastridge, was here claiming the right, given him under his combined permits acquired, to operate his business of a common carrier of passengers for hire over the public highways in such a way as was profitable to him and that he was authorized to acquire the right to render such through service by having the Director approve his application therefor, even though the giving of such approval violated the provisions of the Act, regulating the issuance and approval of certificates of public convenience and necessity.

The general rule is, as announced in the annotation found in 109 A. L. R., page 554, that:

"Highways are constructed and maintained at the public expense, and no person, therefore, can insist that he has, or may acquire, a vested right to their use in carrying on a commercial business." See, also, Whitney et al. v. Newbold, 270 Ky. 209, 109 S. W. (2d) 406.

The same rule was very forcibly announced in the case of Slusher v. Safety Coach Transit Co., 229 Ky. 731, 17 S. W. (2d) 1012, 66 A. L. R. 1378, as follows:

"A citizen * * * has no right to make the highways his place of business by using them as a common carrier for hire. * * * Such use is a privilege which may be granted or withheld by the state

in its discretion without violating any provision of the state or federal Constitution. The highways belong to the public, but are primarily for the use of the public, in the ordinary way. Their use for the purposes of private gain is special and extraordinary and, in general, may be restrained, prohibited, or conditioned as the legislative power may prescribe. Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; Clark v. Poor, 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199; Frost v. Railroad Commission, supra [271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457]. It is essential to the proper use of the highways, and to secure adequate service to the public, that the business of motor transportation for hire should be regulated and those who avail themselves of the regulations and observe them must be protected from unfair competition by those who do neither. Packard v. Banton, supra. Harrison v. Big Four Bus Line, supra [217 Ky. 119, 288 S. W. 1049]. The act in question expressly reserves to taxicabs and similar carriers the right, pursuant to private contracts, to carry passengers on casual trips (Michigan Public Util. Co. v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105), and the injunction in this case protects that right; but the appellant has no right to engage in destructive and forbidden competition with the authorized carrier by seeking out and picking up its prospective passengers at any place or time suiting his convenience.''

Here appellant was seeking the right to render additional through bus service between Frankfort and Lexington, for which the proof showed there existed no public convenience and necessity. This through service was competitive in character, by reason of the operation of such through service by the appellee between these same terminals over a parallel route. Therefore, the appellant was required, under such conditions, to follow the procedure provided for those making application for a new certificate, where the authority of the Director to approve the application would depend and be conditioned upon applicant's establishing that a public necessity and convenience existed for the service. But here appellant has failed to show that any public necessity existed for this additional through bus service he desires to render.

402

Such being our conclusion, it follows that the judgment appealed from, denying appellant's right to operate the through service applied for or that of the Director to approve same, properly determined the matter and the judgment is therefore affirmed.