# Short Way Lines, Inc., v. Black.

May 5, 1944.

R. W. Keenon for appellant.
A. T. W. Manning for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

These four appeals grow out of the Director of the Division of Motor Transportation (hereinafter referred to as the Director) granting to O. H. Black, doing business as Black Bus Lines (hereinafter referred to as Black), a limited certificate from London to Garrard Junction (which is a point about a mile southeast of Manchester); and from his granting to Short Way Lines, Incorporated (hereinafter referred to SWL), a limited certificate from Manchester to Hyden.

In the manner provided by KRS 281.410, SWL appealed to the Franklin Circuit Court from the order of the Director granting Black any certificate; also, from the order placing limitations on the certificate granted it. Black likewise appealed to that court from the order granting any certificate to SWL; also, from the order placing limitations on the certificate granted him.

Upon hearings on merits all petitions for appeals in the circuit court were dismissed and both parties brought their respective appeals to this court as provided in KRS 281.420. The four appeals have been heard together and will be disposed of in this opinion.

Some fourteen years ago Black acquired a certificate to operate a bus line between London and Corbin over what is now highway No. 25, a distance of fourteen miles. In 1933 he leased from the Ken-Ten Coach Company its certificate to operate a bus line over route No. 80 from London to Manchester via Garrard Junction, a distance of twenty-five miles (Manchester being about one mile from Garrard Junction and off highway No. 80) which lease expired on July 1, 1942. Subject to Black's lease, this certificate was purchased in 1939 by SWL which operated over route No. 80 from Glasgow through Somerset to London. Several years ago Black acquired a certificate from Manchester to Hyden over route No. 80.

Shortly after learning that SWL had purchased from Ken-Ten the certificate between London and Manchester, Black made application to the Director for a certificate of convenience and necessity between London and Garrard Junction, a distance of twenty-three miles. SWL opposed the granting of this certificate, contending it had a certificate under which it was rendering this service and that there was no necessity for two bus lines between London and Garrard Junction. SWL filed application for a certification from Manches-

ter to Hyden on the ground that it desired to make connections with west lines out of Hazard, a bus center, for the benefit of SWL's east-west line through southwestern Kentucky so as to prevent travelers from eastern points in the State having to go a circuitous route through Lexington to reach points in western Kentucky. Black opposed this application on the ground that his line was rendering adequate service out of Hyden to Manchester and public convenience and necessity did not require a second line between these points.

The Director granted both applications with restrictions. His decision on each application recites that he was acquainted with the territory served and after considering the evidence and statements at the hearings, he was convinced that necessity and convenience existed for the granting of both certificates. It would appear that in granting the certificate to Black, the Director was influenced considerably by the fact that in so doing he could relieve passengers traveling from London to Hyden from making a change at Manchester or Garrard Junction. The compelling reason for granting the certificate to SWL seems to have been the establishment of a through east-west passenger service. The restrictions the Director placed upon each certificate comports with the reasons his decisions gave for granting them.

The order restricts Black from picking up any passengers on the east run out of London unless they have an origin at a point beyond London and a destination beyond Garrard Junction on route No. 80; on the westward trip out of Garrard Junction Black is not to handle passengers unless their origin is beyond Garrard Junction toward Hyden on route No. 80 and whose destination is beyond London. Black is forbidden to pick up any passenger at London or intermediate points between London and Garrard Junction, regardless of destination; nor shall he pick up any passenger at Manchester, or intermediate points between Manchester and London, regardless of destination. The order states the reason for granting this certificate was the sole purpose of furnishing through transportation between Hyden and Corbin as there was no necessity for additional accommodations for local passengers.

The Director's order recites that SWL shall not pick up passengers on the eastward trip out of Man-

chester unless they originate' at a point beyond Manchester in the direction of London and whose destination is beyond Hyden; on the westward trip out of Hyden no passenger shall be picked up unless his origin is east of Hyden and his destination is beyond Manchester. It is forbidden to pick up any passenger at Manchester or Hyden, or intermediate points between these towns, regardless of destination. The reason advanced for granting this certificate is to furnish a character of east-west service not now being rendered, as no necessity exists for the granting of an additional certificate over the Manchester-Hyden route for local passengers.

SWL seizes upon an expression in the decision of the Director to the effect that the evidence shows that only one bus line is necessary to take care of travel between Manchester, Garrard Junction and London, but by granting the requested certificate to Black the traveling public would be convenienced by not having to change at Manchester or Garrard Junction. From this expression it is argued that the granting of the certificate to Black was for convenience only and there was no necessity for it, therefore the Director had no authority to grant the certificate since KRS 281.040 provides both public necessity and convenience must be served before the Director may issue a certificate.

The answer to this argument is that the Director actually adjudged that both convenience and necessity existed for the granting of this certificate to Black, and he based his judgment not only on the evidence but upon his acquaintance with the territory to be served. Convenience creates necessity; and inconvenience may be so great as to create it. If there is reasonable need apparent for the service and if another bus line is not unduly interfered with and the highway not unduly burdened, there is a case of "convenience and necessity." United Parcel Service of Milwaukee v. Public Service Commission, 240 Wis. 603, 4 N.W. 2d 138, 144, 5 N.W. 2d 635. The words were given a relative meaning by the Legislature and we are not disposed to override the judgment of the Director by reason of his using a loose expression in arriving at it. What is here said is not in conflict with what is written in Cooper v. McWilliam & Robinson, 221 Ky. 320, 298 S.W. 961, wherein it was held that the Director was in error in thinking he had authority to issue a certificate on con-

venience alone, and that before he could do so there must exist both a convenience and a necessity. Nor is it in conflict with such cases cited by Black as Cannonball Transit Co. v. Sparks Bros. Bus Co., 255 Ky.. 121, 72 S. W. 2d 1021; Consolidated Coach Corp. v. Kentucky River Coach Co., 249 Ky. 65, 60 S.W. 2d 127. As said in Cardinal Bus Lines v. Consolidated Coach Corp., 254 Ky. 586, 72 S.W. 2d 7, the statutes authorizing the granting of such certificates are to be construed in the interest of the traveling public and not the bus lines.

The power of the Director is purely statutory, Union Transfer & Storage Co. v. Huber & Huber, 265 Ky. 736, 97 S.W. 2d 609; but he has a wide, though not arbitrary, discretion in the matter of granting a certificate of convenience and necessity, Black Bus Line v. Henry, 241 Ky. 602, 44 S.W. 2d 580, and his judgment when approved by the circuit court will not be disturbed by us unless it is against the weight of the evidence, Barnes v. Consolidated Coach Corp., 223 Ky. 465, 3 S.W. 2d 1087. Without reviewing and attempting to analyze the considerable amount of evidence contained in these combined records, it will suffice to say that it supports the Director's findings.

While each party complains of the granting of the certificate to the other, we are convinced that had the Director refused the request of one he would have been compelled to refuse the request of the other, since there was about as much evidence showing convenience and necessity on one application as there was on the other. Had we original jurisdiction in the matter of granting these certificates, very likely we would have refused both applications; but we do not feel authorized under the evidence adduced to interfere with the broad discretion of the Director after it has been affirmed by the circuit court, and we cannot say he abused that discretion in granting the applications or in imposing the restrictions above mentioned on each certificate.

SWL insists that Black should not be allowed to operate his line from London to Manchester via Garrard Junction since the certificate reads only from London to Garrard Junction and does not cover the one mile off route No. 80 from Garrard Junction to Manchester. It is argued that Black cannot operate over this one mile on his certificate from London to Garrard Junction by reason of holding a certificate from Hyden

via Garrard Junction to Manchester, as it was written in Eastridge v. Southeastern Greyhound Lines, 280 Ky. 392, 133 S.W. 2d 95, that a holder of two certificates authorizing a bus service over two short routes between the terminal points named therein could not combine the certificates so as to operate a through service between such termini. However, this is a question over which we have no jurisdiction as the Director has not passed thereon. The matter will first have to be brought before the Director under KRS 281.190 and should either party be dissatisfied with his ruling, an appeal may be taken to the Franklin Circuit Court under KRS 281.410, and then on to this court under KRS 281.420, as was done in the Eastridge case.

The judgments are affirmed.