## Hazard-Hyden Bus Co. v. Black.

Jan. 25, 1946.

M. C. Begley, Pearl Hyden and R. W. Keenon for appellant.

A. T. W. Manning for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The Director of the Division of Motor Transportation (hereinafter referred to as the Director) conducted a hearing in conformity with KRS 281.060 from July 17 to July 19, 1944, wherein many applicants sought to obtain a certificate of convenience and necessity to operate a bus line between Hyden and Harlan over Highway 257, which recently had been constructed. On November 27, following, the Director awarded the certificate to O. H. Black, doing business as the Black Bus Lines, and the Hazard-Hyden Bus Co. (hereinafter referred to as HH), brought this action under KRS 281.410 in the Franklin Circuit Court against Black and seven other applicants for the certificate, asking that the award of the Director be set aside because he exceeded his authority. The circuit court was of the opinion that the evidence supported the Director's finding, dismissed the petition and HH alone appeals.

The record before us consists of four volumes containing 585 pages, which is written on thin paper and practically all of it is carbon copy, consequently the pages are blurred and would be difficult to read for any length of time. No attempt has been made to comply with subsection 2 of our rule 3, therefore we have not read the record but have reached our decision from the facts given in the briefs, about which there is little, if any, controversy. In the preparation of briefs counsel on neither side complied with our rule 5, subsection 2, in that they fail to give the pages of the record where could be found the testimony and the exhibits to which references were made.

It appears from the briefs that O. H. Black owned a certificate from Manchester to Hyden and that Black Bros. owned certificates from Manchester to Richmond and from Richmond to Danville; that O. H. Black testified he made an agreement with his brother to combine his individual certificates with those of the partner-

ship and thus operate a through service from Harlan, via Hyden, to the Blue Grass section. Appellant insists that these certificates cannot be transferred or leased without a hearing after due notice to all parties interested, as provided in KRS 281.110; nor can such certificates be combined to permit the holder to operate a through bus service without such a hearing, as was decided in Eastridge v. Southeastern Greyhound Lines, 280 Ky. 392, 133 S. W. 2d 95. The appellant complains that the Director based his decision granting the certificate on this void agreement by Black to transfer his certificate to Black Bros., who would operate a through bus line upon the combined certificates.

The law concerning the transferring, leasing or combining of certificates is as contended by appellant. See KRS 281.110 and the Eastridge case, 280 Ky. 392, 133 S. W. 2d 95. But in this instance appellee has not yet made such use of his certificate. It appears that HH had but two available busses and that they were in use on the run between Hazard and Hyden, while Black had a large number of busses. The Director in granting the certificate to Black recited that due to Black's experience in operation, his financial ability, his available equipment, together with his intention to render a through service, caused him to issue the certificate to Black.

Appellant contends that it is entitled to the certificate on the ground that it was already in this territory; that 75% of the travel is local and will be compelled to transfer to Black's bus at Hyden if he obtains the certificate, while its bus would proceed from Hyden to Harlan without causing this inconvenience to passengers. Appellant was no more in this territory than was Black since both run busses into Hyden. We cannot determine from the facts accessible to us in this instance how much inconvenience may be caused passengers in changing from appellant's bus at Hyden to appellee's bus at that point, but it does not appear from the facts appearing in briefs that the Director abused the discretion reposed in him by statute when he granted Black this certificate. While the power of the Director to grant a certificate is purely statutory, he has a wide, but not arbitrary, discretion and his judgment when approved by the circuit court will be disturbed here only when it is against the weight of the evidence.

Barnes v. Consolidated Coach Corp., 223 Ky. 465, 3 S. W. 2d 1087; Black Bus Line v. Henry, etc., 241 Ky. 602, 44 S. W. 2d 580; Short Way Lines v. Black, 298 Ky. 67, 182 S. W. 2d 17.

The Director's order, as shown by the briefs, recites that "the lease agreement between Black Bus Lines and Black Bros. Lines is hereby approved." This part of the order violates KRS 281.110 since this lease does not appear to have been included in the notice of the hearing, and appellant argues that the Director exceeded his authority in thus approving the lease. Appellee answers by saying that KRS 281.410 sets forth specifically the right of appeal and fails to provide for an appeal from the ruling of the Director in approving a lease contract. It is true that this section does not grant an appeal from an order approving a lease, therefore that part of the order is not subject to review by this court. To attack the Director's approval of this lease because of the failure to comply with the provisions of KRS 281.110, appellant should have followed the procedure used in the Eastridge case, 280 Ky. 392, 133 S. W. 2d 95.

The judgment is affirmed.