## Utter et al. v. Black.

April 25, 1947.

Rehearing denied June 20, 1947.

William B. Ardery, Judge.

R. W. Keenon, Keenon & Odear, James Park and Stoll, Muir, Townsend, Park & Mohney for appellants.

William Lewis, J. R. Carpenter and W. A. Stanfill for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing in part, affirming in part.

This appeal involves practically the same parties and the same certificates of convenience and necessity which were before us in Short Way Lines v. Black, 298 Ky. 67, 182 S. W. 2d 17, and is really an aftermath of that litigation. A background of the present controversy appears in that opinion and reference is made to it for a detailed statement of the facts leading up to this appeal. For convenience the Director of the Division of Motor Transportation will be referred to as the Director, the Black Bus Line as Black, and the Short Way Lines as SWL.

Black owns a limited certificate, 274, covering his operations between London and Garrard Junction, which is just a mile from Manchester. He also owns certificate 62, which we understand is unrestricted, covering his operations between Manchester and Hyden. SWL operates under what we understand is an unrestricted certificate, 12, between London and Manchester, and under a restricted certificate, 275, between Manchester and Hyden. Each of these bus lines operate through busses to certain points over Highway 80 under other certificates which are not involved in this litigation.

The restrictions on Black's certificate 274 are to prevent him from carrying local passengers between London and Garrard Junction or Manchester, and the re-

strictions on SWL's certificate 275 are to prevent it from carrying local passengers between Manchester and Hyden. The restrictions on Black's certificate 274 and SWL's certificate 275 are set out in full in 298 Ky. 67, 182 S. W. 2d 17, and as they are of some length we will not reiterate them here.

On May 19, 1944, SWL filed a petition with the Director asking that he cancel Black's certificate 274 because Black was violating the restrictions therein contained. In his pleadings Black denied these violations and averred affirmatively that the restrictions in certificate 274 are so ambiguous, indefinite and uncertain as to render the certificate inoperative; that SWL was dissolved as a corporation and attempted to transfer its certificates 12 and 275 to its stockholders without giving Black notice and without a legal hearing, as required by statute, KRS 281.110. Black further sought to have SWL's certificate 12 canceled because inadequate service was being rendered; and he sought to have its certificate 275 canceled because of the violation of the restrictions therein contained, and on the additional ground that no bus was operated under it for more than 60 days after this certificate was issued, as provided in KRS 281.190(3).

By a reply SWL denied violating the restrictions contained in its certificate 275 and pleaded that the restrictions in Black's certificate 274, of which he complains as being ambiguous and indefinite, were made by the Director and approved by the Franklin Circuit Court, whose judgment was affirmed by this court in 298 Ky. 67, 182 S. W. 2d 17. SWL further pleaded that notice was duly given of the transfer of its certificates to its stockholders who now operate as a partnership under the name of SWL, and that no protest was filed in due time by Black to this transfer and the same was approved by the Director. Other appropriate pleadings form the issue, with the exception of an amended petition Black attempted to file with the Director May 23, 1945, wherein he asked that the restrictions in his certificate 274 be removed. No notice was given on this amended petition as required by KRS 281.050 and 281.060 and it was never formally made a part of the record by the Director and was not incorporated therein until Sept. 28, 1945, on motion made in the circuit court to

supplement the record. The notice required by statute was given on the filing of each of the other pleadings requiring such notice.

All the complaints were consolidated by the Director and he disposed of them in one opinion. He dismissed SWL's petition to cancel Black's certificate 274. Likewise, the Director dismissed Black's complaint as to SWL's certificate 12 and refused to cancel it, but he did cancel SWL's certificate 275 because of its failure to start operations thereunder within 60 days. Although no notice was give on the amended petition attempted to be filed by Black wherein he sought to have the restrictions removed from his certificate 274, the Director granted Black this relief and removed these restrictions.

SWL appealed to the Franklin Circuit Court in the manner provided in KRS 281.410. That court upheld the Director in refusing to cancel Black's certificate 274 and in removing the restrictions therefrom. It further upheld the Director in refusing to cancel SWL's certificate 12. But the Director's ruling in canceling SWL's certificate 275 was reversed. SWL appeals from so much of the judgment of the circuit court as refused to cancel Black's certificate 274 and from so much thereof as removed the restrictions from 274. Black cross-appeals from that part of the judgment which overruled his general demurrer to the first paragaph of the "petition and appeal," and from that part of the judgment which kept SWL's certificate 275 in force.

The Director erred in canceling SWL's certificate 275, because operations were not commenced thereunder within 60 days from its issue as is provided in KRS 281.190 (3). This certificate was issued on Sept. 30, 1942, but the Office of Defense Transportation (a war agency of the Federal Government) refused to issue a permit to SWL to operate this certificate due to the war emergency. Thereupon, SWL obtained a stay of operation from the Director within 60 days from the date the certificate was issued and additional stays were granted by the Director before the expiration of the preceding one on up until this hearing. In Southeastern Greyhound Lines v. Goodlette, 302 Ky. 261, 194 S. W. 2d 510, it was held that where stays were obtained similar to those the Director granted here to SWL that the

certificate did not become void for failure to begin operations within 60 days.

There is no merit in Black's contention that SWL violated the restrictions contained in its certificate 275 and for this reason the certificate should be canceled. While the evidence shows some slight violations for a short time, SWL corrected them as soon as its management received knowledge that its drivers were not complying with the restrictions. In Black Bus Line v. Consolidated Coach Corporation, 244 Ky. 740, 52 S. W. 2d 712, it was written that for slight and occasional derelictions the certificate would not be forfeited.

The circuit court erred in allowing the Director to remove the restrictions from Black's certificate 274. Even if we consider as filed with the Director the amended petition which asked the removal of these restrictions, the Director did not have before him that question because no notice was given SWL as required by KRS 281.050 and 281.060 that a hearing would be had on amending this certificate to that effect. The power of the Director is purely statutory, Short Way Lines v. Black, 298 Ky. 67, 182 S. W. 2d 17; Union Transfer & Storage Co. v. Huber & Huber, 265 Ky. 736, 97 S. W. 2d 609. When he removed these restrictions from certificate 274 without following the procedure prescribed by the sections of the statutes just referred to relative to notice, the Director exceeded his authority. Hazard-Hyden Bus Co. v. Black, 301 Ky. 426, 192 S. W. 2d 195; Cannonball Transit Co. v. Sparks Bros. Bus Co., 255 Ky. 121, 72 S. W. 2d 1021.

It appears that the Director was influenced in removing the restrictions from Black's certificate 274 by the fact that SWL was rendering inadequate service. It is common knowledge that during the war years practically all modes of passenger transportation in this country were taxed to the limit and all passenger carriages were greatly crowded and the traveling public suffered much inconvenience. This condition was due to excessive travel by men and women in the armed forces and those engaged in war industries, as well as to the scarcity of transportation equipment, rather than to the inefficiency or indifference of those engaged in carrying passengers for hire. Be that as it may, the rule is that

before the Director may grant an additional permit he must call upon the bus operator to render the required additional service, and it is only upon the operator's failure or refusal to meet the Director's demand that an additional certificate will be granted, or existing restriction removed from the certificate of a competitor. In short, the existing operator must be notified by the Director that he is rendering inadequate service and be given reasonable opportunity to improve it before another carrier is allowed on his route. Red Diamond Bus Line Co. v. Cannon Ball Transp. Co., 233 Ky. 482, 26 S. W. 2d 28; Cannonball Transit Co. v. Sparks Bros. Bus Co., 255 Ky. 121, 72 S. W. 2d 1021.

The restrictions in certificate 274 of which Black complains as being ambiguous, indefinite and uncertain, and which the Director said were so confusing and contradictory that they should be removed, strike us as being rather simple and plain. All they do is prevent Black from carrying local passengers between London, Garrard Junction and Manchester. To prevent any evasion on his part, Black is forbidden to pick up any passenger at London, Garrard Junction or Manchester, or intermediate points between them, regardless of destination. They were either written by the present director or his predecessor and were approved by the circuit court, as well as by this court in 298 Ky. 67, 182 S. W. 2d 17. However, we are inclined to be lenient with Black and not have the Director cancel his certificate 274 for violating these restrictions since both he and the Director appear to think they are ambiguous and contradictory. But should Black violate them in the future, the Director should cancel his certificate 274.

The record shows that the SWL corporation complied with the requirements of KRS 281.110 in transferring certificates 12 and 275 to its stockholders who operated the bus lines as partners under the name of SWL, and the circuit court correctly sustained the Director in so ruling.

We see no reason to consider or discuss SWL's contention that the circuit court should have granted the injunction asked against the Director to prevent him from removing the restrictions from Black's certificate 274, since we are reversing that court's judg-

ment upholding the Director in removing these restrictions. Nor will we consider Black's motion to require SWL to elect which action it will prosecute in its "petition and appeal," nor will we consider Black's general demurrer to that pleading, since we have decided all questions presented on their merits rather than upon the technicalities of the pleadings.

On the appeal the judgment is reversed in so far as it removed the restrictions from Black's certificate 274 with directions that one be entered in conformity with this opinion. On the cross-appeal the judgment is affirmed.