## Hardy-Burlingham Min. Co. et al. v. Smith.

November 11, 1947.

S. M. Ward, Judge.

Craft & Stanfill for appellant.

S. E. Duff for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

On this appeal we are again confronted with the question of what action to take when appellee fails to file a brief. The appeal was granted by the circuit court and the record was filed here on January 29, 1947, which made it an appearance case at the Spring Term, commencing April 14th. Under rule 1.380, appellant's brief was due 20 days before April 14th and appellee's brief was due 10 days before that date. Appellant's brief was filed on March 17th, which was in ample time, and the case was submitted on April 18th. Although appellee was reminded by the clerk that his brief was past due, he has not seen fit to favor us with a brief.

In the circumstances, we have decided to follow the course pursued in Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S. W. 2d 1005 (where appellee failed to file brief), and to apply that portion of our rule 1.340 which reads: "In the absence of disagreement concerning the facts and pleadings, the Court will assume that the appellant's statement thereof is full and correct."

Appellant's brief relates this statement of facts. Both parties had accepted the terms of the Workmen's Compensation Act, KRS 342.001 et seq., and on May 8, 1944, appellee Smith sustained an accident arising out of and in the course of his employment with appellant Company. A motor ran over Smith's right foot, resulting in a contusion of the dorsum and simple fractures of the first, second and third metatarsals, which the writer understands are toes. By agreement the Company paid Smith $15 per week for total temporary disability from the date of his injury to July 11th, and he returned to work on July 17, 1944.

On November 3, 1944, Smith filed application with the Workmen's Compensation Board (hereinafter referred to as the Board) for an adjustment of his claim. After a hearing the Board awarded him compensation at the rate of $12 per week for ten weeks. Smith felt aggrieved at this award and asked a full Board hearing, which was refused, and he appealed to the circuit court. The circuit court remanded the case to the Board for the purpose of determining Smith's disabil-

ity, if any, to the body as a whole, and the Company appeals.

Appellant's brief further states that Dr. Cris S. Jackson X-rayed Smith's foot the day of the accident, May 8, 1944, again on July 1st, and a third time on March 23, 1945, and the doctor testified his pictures showed a good union of all fractures, except that of the second toe which healed with a slight overlapping of the bone, and that this toe should be amputated. That with the toe amputated Smith's pain and limp would disappear and his only disability would be that caused by the loss of his second toe; there would be no danger to Smith in undergoing this minor operation. Dr. Jackson's testimony was corroporated by that of Dr. H. W. Gingles, the Company's physician. The brief further recites that Dr. W. H. Hobbs, who X-rayed appellee's foot and testified in his behalf, likewise stated that the amputation of this toe would reduce Smith's disability.

The Company wrote a letter to Smith offering to pay the expense of having his toe amputated, as well as to pay him for temporary total disability while he was recovering from the operation. Smith replied to that letter stating he refused to have the operation, whereupon the Board awarded him compensation for the loss of the second toe on his right foot.

It was unreasonable of Smith to refuse such a simple operation as having a toe removed, which all the medical testimony shows was not serious and would result in relieving him of pain and disability. Under KRS 342.035, as construed by us in Black Star Coal Co. v. Surgener, 297 Ky. 653, 181 S. W. 2d 53, the Board correctly held that the only compensation to which Smith was entitled was that due him for the loss of the second toe on the right foot. The Surgener opinion goes into the question thoroughly and states the rule clearly and succinctly relative to an employee refusing to submit to an operation. That opinion cites many authorities and we adopt the rule as there set out without expressly copying it in this opinion.

In passing, we call counsel's attention to the stipulation they filed making a part of the record a correct copy of the original opinion and award of the full Board, which had been omitted by mistake. No fault may be

found with this stipulation, but attached thereto is a blurred carbon copy of the Board's opinion and award. We call attention to our rule 1.100, which in effect prohibits any part of the record from being carbon copy. See Hazard-Hyden Bus Co. v. Black, 301 Ky. 426, 192 S. W. 2d 195, wherein we said we would not read a record composed of carbon copy.

The judgment is reversed with directions that the circuit court enter one sustaining the award made by the Board.