# Saf-Wa Coach Co. Inc. v. Brodie, Director of Division of Motor Transportation, et al.

February 3, 1950.

W. B. Ardery. Judge.

Funk, Chancellor & Darnell for appellant.

J. R. Carpenter, J. J. Leary and Sampson B. Knuckles for appellee.

CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment affirming in part and reversing in part the action of the Division of Motor Transportation. The only issue before us is whether or not the Division had authority to issue appellee, Black Brothers Bus Lines, a certificate of convenience and necessity to operate as a common carrier of passengers between Barbourville and Manchester.

In June 1943 the predecessors of appellant and appellee (who will be included in future references to the parties) had on file with the Division applications for common carrier certificates covering the route between Barbourville and Manchester over Kentucky Highway No. 11. At that time this highway was undergoing construction, or reconstruction, and the through route was not open for bus operation.

On July 2, 1943, after a hearing on these applications, the Division entered an order granting a certificate to appellant authorizing an operation from Barbourville to Fount over Highway No. 11, this being part of the route between Barbourville and Manchester. The order recited that appellee interposed no objection, provided the granting of the certificate would be without prejudice to its rights under its pending application. The order stipulated: "The authority sought hereunder, however, is to be without prejudice to the rights of any applicant whose application is now on file or which may hereafter be filed at any time prior to the assignment of hearing for all of the applications for authority

over Highway No. 11 from Barbourville to Manchester when Highway No. 11 is finally completed, * * *.''

Subsequently a further portion of this highway became usable for bus transportation, and on February 20, 1943, appellant was issued another certificate authorizing it to operate between Fount and Haven. The order granting this certificate likewise contained the identical language above quoted.

In 1947 Highway No. 11 between Barbourville and Manchester was completed. In October and November of that year the Division held hearings for the purpose of granting a certificate over the full route. Appellant had filed a new application, but the Division considered appellee's old application. On November 14, 1947, the Director of the Division dismissed appellant's application and granted a certificate to appellee.

Appellant's first contention is that the reservation we have quoted, contained in the two orders granting certificates to it, should be given no effect because it simply reiterated what the statutes already provided. For this reason appellant insists appellee's old application should not have been considered on the new hearing. We can find no merit in this argument. It is impossible to label the language used in the orders a mere abstraction, in view of the situation with which the Division was confronted. When the first order was entered on July 2, 1943, there were at least three applications on file for a common carrier's certificate over Highway No. 11 from Barbourville to Manchester. At that time the highway was not passable for the entire route. Appellant was willing to operate over a section of it. The Division granted this right with the very clear stipulation that it was restricted in nature and would be without prejudice to the applications of others when Highway No. 11 was finally completed. The original proceedings were simply extended until the anticipated completion of the highway would make necessary and proper a reconsideration of public convenience and necessity over the complete route. Obviously the Division intended to treat appellee's application as pending until the final hearing.

This conclusion also answers appellant's argument to the effect that when the two certificates were granted

to appellant, this authorization constituted a final and effective determination that appellee would have no further right to operate over the section of the highway covered by these certificates. While ordinarily the granting of a certificate to one applicant may effectually deny the pending applications of others, this could not be so when the Division specifically provides just the contrary. It is difficult to imagine the use of language which could have more clearly stated that the orders granting appellant's certificates were *not* final determinations of appellee's rights.

This brings us to the only other significant point raised by appellant. That is, the Director was without statutory authority to enter the qualified orders which granted certificates to appellant. At first blush appellant is placed in a rather awkward position in making this contention, because it is attacking the validity of the very orders under which it has operated for several years and which are the basis of all its claims in this law suit. Disregarding this aspect, however, appellant's position cannot be sustained.

It is, of course, true that the Director's authority is purely statutory, and he would be without power to grant a type of certificate contrary to the provisions of the law. In KRS 281.090 we find that the Director may grant a certificate: "* * * for the partial exercise only of the privilege sought, and may attach to the exercise of the rights granted by the certificate such terms and conditions as, in its judgment, the public convenience and interest require."

It seems to us this statutory authority is sufficiently broad to authorize the issuance of a conditional or provisional certificate such as the Director granted appellant. Otherwise, the Division would be hamstrung in performing its duties in the public interest. The circumstances shown in this controversy present most cogent reasons why the Director should have power to grant a provisional certificate pending a final determination of the best service available over the entire route under consideration. The language used in this statute, construed in the light of its purposes, and the functions and duties of the Division, clearly authorized the entry of the conditional orders involved.

Appellant raises one other question based on the decision in Utter v. Black, 305 Ky. 136, 202 S. W. 2d 425, wherein it was held that an additional certificate should not be granted to another carrier until the existing operator has been given a reasonable opportunity to make adequate the service along the route. The principle involved is not present here because at all times appellant's rights were expressly subject to reconsideration and its certificates were granted without prejudice to the rights of appellee under its original application.

Perceiving no error on the record before us, the judgment is affirmed.