MICHIGAN EXPRESS, INC., *v.* PUBLIC SERVICE COMMISSION.

1. AUTOMOBILES—MOTOR CARRIERS—STATUTES—PUBLIC SERVICE COMMISSION—PUBLIC CONVENIENCE AND NECESSITY.

The legislative intent of the motor carrier act is that all motor carrier service and the manner, methods, conditions, extent, types and routes thereof and other pertinent matters, shall be fixed and regulated by the public service commission on the basis of its determination of the requirements of public convenience and necessity in relation thereto (CL 1948, § 475.1 *et seq.*).

2. SAME—PUBLIC SERVICE COMMISSION—THROUGH ROUTES AND JOINT RATES.

Statutory requirement that common motor carrier file with the public service commission for public inspection a schedule of rates and charges for transportation of passengers and property between points on its route and also between points on its own route and on the route of any other common motor carrier when a through route and joint rate have been established does not empower such a carrier to establish through routes and joint rates independently of the commission or strip it of regulatory powers in accordance with public convenience and necessity (CL 1948, § 476.6).

3. SAME—THROUGH ROUTES AND JOINT RATES—REGULAR AND IRREGULAR ROUTES.

Through routes and joint rates may be established by common motor carriers who operate over fixed routes or between fixed termini only and not by and between a regular route carrier and an irregular route carrier (CL 1948, § 476.6).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] Generally as to regulation under motor carrier acts, see 37 Am Jur, Motor Transportation §§ 3.1, 17 *et seq.*, 108 *et seq.*
[1–6] Validity and applicability of statutes relating to use of highway by private motor carriers and contract motor carriers for hire. 109 ALR 550; 175 ALR 1333.
[3–6] 37 Am Jur, Motor Transportation §§ 39, 40.
[3–6] Validity, construction, and application of regulations respecting type or condition of automobile used in transportation of passengers for hire. 7 ALR2d 1266.

4. SAME—INTERCHANGE OF EQUIPMENT—THROUGH SERVICE.

Interchange of equipment and the furnishing of through service by common motor carriers are rights which may be exercised by such carriers only when authorized by the public service commission whenever the public interest will be served thereby (CL 1948, § 476.11).

5. SAME—PUBLIC CONVENIENCE AND NECESSITY—HEARING—NOTICE—THROUGH ROUTES AND JOINT RATES.

A showing of public convenience and necessity, at a hearing on an application properly noticed to competitors, is a prerequisite to the granting of the right to establish through routes and fixing of joint rates by the public service commission (CL 1948, § 476.6).

6. SAME—REGULAR AND IRREGULAR ROUTES—THROUGH ROUTES AND JOINT RATES—DUE PROCESS.

Common motor carrier which had been granted a certificate of convenience and necessity to operate over certain fixed routes and between certain fixed termini and also limited common carrier rights to carry specified commodities in certain areas over irregular routes and which obtained approval of transfer to it of another limited common carrier's rights as to specified commodities over irregular routes may not complain of public service commission's restriction that through or joint rates should not be established between points on regular route and points on the irregular route as a deprivation of property without due process of law, since the rights sought to be exercised were not theretofore held by either certificate holder (CL 1948, § 476.6).

Appeal from Ingham; Coash (Louis E.), J. Submitted January 17, 1952. (Docket No. 94, Calendar No. 45,316.) Decided April 7, 1952.

Bill by Michigan Express, Inc., a Michigan corporation, against Public Service Commission to review one of its orders. Decree for defendant. Plaintiff appeals. Affirmed.

· *Warner, Norcross & Judd* and *Leonard D. Verdier, Jr.,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Charles M. A. Martin* and *William B. Elmer,* Assistants Attorney General, for defendant.

DETHMERS, J. Plaintiff held a certificate of public convenience and necessity from defendant granting general common carrier authority to operate over certain fixed routes and between certain fixed termini and also limited common carrier rights to carry specified commodities in certain areas over irregular routes. It thereafter purchased and sought defendant's approval of transfer to it of the operating rights of Best Way Motor Express which operated under a certificate from defendant as a limited common carrier of specified commodities over irregular routes. Defendant authorized the transfer to plaintiff by an order containing the following restrictions:

"Provided that operations under this authority shall not be combined with or tacked on to transferee's regular route operations to effect a movement actually in excess of the 2 authorities considered separately. Operations under this irregular route authority shall be separate and distinct from regular route operations. Through or joint rates shall not be established between points on regular route and points on the irregular routes."

Plaintiff filed a bill for review in the Ingham county circuit court praying for modification of the order by deletion therefrom of the noted restrictions. From decree dismissing its bill of complaint and order denying its motion for rehearing, plaintiff appeals.

Plaintiff claims the right to establish through routes and joint rates between points on its regular routes and points on Best Way's irregular routes, to tack or combine operations under the 2 certificates, and to interchange equipment between the 2, all without the necessity for showing or determination by defendant of public convenience and necessity in regard thereto. It contends that the restrictions in defendant's order are unreasonable, unlawful, not in accord with commission rules and practice, and constitute a deprivation of property without due process of law.

The law applicable to motor vehicle carriers is to be found in PA 1933, No 254, as amended (CL 1948, § 475.1 *et seq.* [Stat Ann and Stat Ann 1951 Cum Supp § 22.531 *et seq.*]). Article 2, § 1, prohibits the operation by any common motor carrier of property for hire upon any public highway without a certificate of public convenience and necessity from defendant. Section 2 empowers defendant to determine the question of public convenience and necessity after considering, *inter alia,* adequacy of existing facilities and the extent of public demand for additional service. Section 5 provides that a certificate of public convenience and necessity shall be refused if defendant shall determine that existing service is reasonably adequate; and, further, that, if a certificate be issued to a common motor carrier of property, it may be for operation over fixed routes or between fixed termini, on the basis, as the sense of the entire act and this section clearly indicates, of defendant's determination of the public convenience and necessity in relation to such fixed routes or termini. Section 10 vests defendant with power to fix, alter, regulate and determine rates, fares, charges and classifications and to regulate operating and time schedules in order to insure adequate service and prevent unnecessary duplication

of service and, finally, to supervise and regulate common motor carriers in all matters affecting the relations between them and other motor carriers. Section 11 empowers defendant to authorize common carriers to interchange equipment and to furnish through service whenever the public interest will be served thereby. Article 5, § 5, provides that no certificate or permit shall be construed to be a franchise nor to be irrevocable, nor assigned or transferred without defendant's approval.

From the above-noted statutory provisions and a reading of the entire act the legislative intent clearly appears that the guiding and controlling principle to be applied, in the consideration of these matters, is that all motor carrier service and the manner, methods, conditions, extent, types and routes thereof, et cetera, shall be fixed and regulated by defendant on the basis of its determination of the requirements of public convenience and necessity in relation thereto. That principle must be held applicable to the rights contended for by plaintiff here, if the act is to be considered to have any application thereto whatsoever. That is the view of the appellate courts of sister States operating under statutes of like import as appears from the cases of which the following are typical: *Application of Calhoun,* 51 Wyo 448 (68 P2d 591); *Eastridge* v. *Southeastern Greyhound Lines,* 280 Ky 392 (133 SW2d 95); *Enid Transfer & Storage Co., Inc.,* v. *State,* 201 Okla 274 (190 P2d 150); *Pennsylvania R. Co.* v. *Public Utilities Comm. of Ohio,* 116 Ohio St 80 (155 NE 694); *Yonkers Railroad Co.* v. *Hume,* 225 App Div (NY) 313 (233 NYS 63); *Central Truck Lines* v. *Railroad Commission,* 118 Fla 555 (160 So 26); *Hazard-Hyden Bus Co.* v. *Black,* 301 Ky 426 (192 SW2d 195); *Lancaster Transportation Co.* v. *Pennsylvania Public Utility Comm.,* 169 Pa Super 284 (82 A2d 291); *Railroad Comm. of Texas* v. *Red Arrow*

*Freight Lines, Inc.* (Tex Civ App), 96 SW2d 735; *Re Western Motor Transport Co.* (Calif. Railroad Comm.), PUR1922C 12.

We do not see, as plaintiff suggests, that the mentioned controlling principle is overthrown or modified in the slightest degree by the direction in article 2, § 6, of the act that a carrier shall print and file with defendant and keep open to public inspection "schedules showing all rates, fares and charges for transportation of passengers and property between points on its route, and also between points on its own route and on the route of any other common motor carrier when a through route and joint rate have been established." The quoted language does not empower the carriers to establish through routes and joint rates independent of defendant or strip it of any of its powers to fix and regulate all such particulars of and incidents to the carrier business in accord with public convenience and necessity. Furthermore, the language clearly contemplates such establishment of through routes and joint rates by and between carriers who operate over fixed routes or between fixed termini only and not by and between a regular route carrier and an irregular route carrier. Article 2, § 11, does not, as indicated by plaintiff, give all common carriers the right to interchange equipment, but, on the contrary, empowers defendant to authorize it and the furnishing of through service whenever the public interest will be served thereby. The latter consideration is definitely a matter for defendant's determination, not the carriers'. Plaintiff complains that no competent evidence was presented warranting imposition of the restrictions. The shoe would seem to be on the other foot. A showing of public convenience and necessity, at a hearing, on application properly noticed, in support of plaintiff's claim of rights here involved, is a prerequisite to the granting thereof

by defendant. The order complained of did not result in a deprivation of property, inasmuch as the rights denied plaintiff, but claimed by it under a combination of the 2 certificates, are rights never held nor enjoyed by the owners of the 2 certificates separately, nor did they have any lawful claim to the same. The combining and tacking of the irregular route operations under Best Way's certificate with the regular route operations exercised under plaintiff's original certificate, in the manner now contended for by plaintiff, would, as defendant's order puts it, "effect a movement actually in excess of the 2 authorities considered separately," all without the requisite application, notice to competitors, hearing thereon and determination by defendant of public convenience and necessity with regard to such excess not theretofore enjoyed by either plaintiff or by Best Way. That would run counter to the entire spirit and intent and, in many respects, to the express provisions of the motor vehicle carriers' act.

Affirmed, with costs to defendant.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.